Per Cur.
The court is of opinion, that the appellee, having consigned his goods to Holloway for sale, without particular instructions not to sell upon credit, the latter was at liberty to use his own discretion on the occasion; in the exercise of which, he appears to have acted fairly and prudently, so as to have met the approbation of his principal: And therefore the outstanding debts,were the property, and at the risque of the appellee, and not chargeable to the factor, or his representatives; unless, having undertaken the collection, they were guilty of such gross negligence, as, in equity, ought to charge them: Which cannot be imputed to the factor,, who died so soon afterwards; nor to the appellants, who appear, from the facts stated in the Masters second report, to have used proper diligence, in employing agents *of ability and integrity to make the collection, and to have given probable reasons for its failure: And therefore the appellants are entitled, at present, to a credit for the amount of the outstanding debts. That as to the eight hundred pounds of coffee, the price of which is claimed by the appellee, there appears, at this time, no ground to charge the appellants for that article; since the statement made by Stewart. respecting it, to which the answer refers, is unsatisfactory for a decision either way; and therefore that the claim ought not now to be allowed. That the credit for the twenty half joes paid Walch, by order of the ap-pellee in August 1781, ought not to stand, as in 'the decree, to be repaid now in specie, with interest; but ought to be applied at its relative value, at the time, towards the discharge of the paper debt. Specie, at that period, not being considered, as a circulating medium, but a commodity at market, the value of which was to be settled by contract, or if none such, by the current value at that time, independant of the legal scale; nor, in the present case, has the contract for tobacco, another commodity, any influence on the question. The Master, residing at Petersburg, is presumed to have been well acquainted with the value, and in his first report to have stated the credit accordingly (having departed from the legal scale and the contracts for tobacco;) and therefore that it ought to stand as there stated in paper; and that the other articles of debit and credit ought to stand as stated in the last account. That the demand being for an account unliquidated, in which there were considerable articles in dispute, so that it was uncertain on which side the balance would be, no interest ought to be allowed on the balance. The decree therefore is to be reversed; and the cause remanded to the High Court of Chancery, for that court to have the account between the parties reformed, and a decree entered according to the principles of this opinion, reserving to the appellee liberty' to make a future claim, for the outstanding debts, *or any of them, on proper proof of the receipt thereof by the appellants, or of gross negligence in them in the collection; and as to the coffee upon proper proof to charge them.